**Paul W. TUNNICLIFF, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner, Social Security Administration, and Andrew Krall, President, American Federation of Government Employees, AFL–CIO, Local 1164, Defendants.**

**No. CIV. A. 00–40195–NMG.**

United States District Court, D. Massachusetts.

Aug. 20, 2001.

---

Paul W. Tunnicliff, Warren, MA, pro se.

Burton E. Rosenthal, Teju Rau, Segal, Roitman & Coleman, Boston, MA, for defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

### I. *Background*

In early 1994, plaintiff, Paul W. Tunnicliff ("Tunnicliff"), was terminated from employment as a clerk with the Social Security Administration ("SSA"). Contending that the SSA discriminated against him on the basis of gender, he filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Tunnicliff was represented in the EEOC proceedings by his union, the American Federation of Government Employees, AFL–CIO, Local 1164 ("Local 1164"). The EEOC granted summary judgment for the SSA and denied Tunnicliff's request for reconsideration of that order.

A few months before that denial, Tunnicliff had expressed dissatisfaction to Local 1164 regarding the handling of his EEOC complaint and indicated that he wished to pursue his claim in federal court. Local 1164 declined to represent him in the federal case. Tunnicliff then brought the instant lawsuit against Kenneth S. Apfel, Commissioner of the SSA, and Andrew Krall, President of Local 1164, alleging gender discrimination by the SSA and breach of contract by Local 1164 in failing to represent him in federal court.

Now pending before this Court is the motion of Local 1164 to dismiss for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted (Docket No. 8).

### II. *Analysis*

Local 1164 argues that this Court lacks subject matter jurisdiction because Tunnicliff's claim for failure to rep-

resent him is preempted by the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 7101 *et seq.*

■ The CSRA was enacted to govern labor organizations and collective bargaining in the civil service context. 5 U.S.C. § 7101(a). Under the CSRA, federal labor organizations owe their members a duty of fair representation. 5 U.S.C. § 7114(a). Although Tunnicliff's complaint does not mention § 7114(a), his claim against Local 1164 falls within the scope of that section because it alleges that the union is obligated to represent him in federal court.

Breach of the duty of fair representation constitutes an unfair labor practice under the CSRA. 5 U.S.C. § 7116(b)(8); *Karahalios v. National Fed. of Federal Employees, Local 1263,* 489 U.S. 527, 532, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989). Federal employees who believe that a labor organization has committed an unfair labor practice may file a complaint with the Federal Labor Relations Authority ("FLRA"). 5 U.S.C. § 7118(a)(1). Unfair labor practice complaints are adjudicated by the FLRA. *Id.; Karahalios,* 489 U.S. at 532, 109 S.Ct. 1282. The CSRA provides access to federal courts in only three circumstances:

> "with specified exceptions, persons aggrieved by a final FLRA order may seek review in the appropriate court of appeals, § 7123(a); the FLRA may seek judicial enforcement of its orders, § 7123(b); and temporary injunctive relief is available to the FLRA to assist it in the discharge of its duties, § 7123(d)."

*Karahalios,* 489 U.S. at 532, 109 S.Ct. 1282. Accordingly, district courts lack subject matter jurisdiction over claims for breach of the duty of fair representation. *Id.* Moreover, the CSRA does not provide an express or implied private cause of action to enforce compliance with that duty. *Id.* at 533, 109 S.Ct. 1282. Courts thus regularly dismiss, for lack of subject matter jurisdiction, claims brought by federal employees against their unions for breach of the duty of fair representation. *See, e.g., Abbott v. United States,* 144 F.3d 1, 4–6 (1st Cir.1998) (affirming dismissal); *Montplaisir v. Leighton,* 875 F.2d 1, 2–4 (1st Cir.1989) (same). The reference to contract law in Tunnicliff's complaint is unavailing. *See Celli v. Shoell,* 995 F.Supp. 1337, 1342–43 (D.Utah 1998) (attempt to characterize claim as one for breach of contract, rather than unfair labor practice under CSRA, did not confer jurisdiction on district court).

Tunnicliff cites no law in opposition to defendant's motion. Instead, he asks this Court not to hold him to "legal high standards" and attempts to elicit sympathy by reference to his disabilities and indigency. Sympathy cannot nullify the jurisdictional flaw in his case. Tunnicliff's claim against Local 1164 will therefore be dismissed.

## ORDER

For the reasons set forth in the Memorandum above, the motion of defendant, Andrew Krall, President, American Federation of Government Employees, AFL–CIO, Local 1164, to dismiss (Docket No. 8) is ALLOWED.

So ordered.